## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17 B 36223 |
| | ) | |
| LEVON POWELL, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

### OBJECTION OF SANTANDER CONSUMER USA INC.
### TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN

SANTANDER CONSUMER USA INC. ("Santander"), a creditor herein, by its attorneys, the law firm of Sorman & Frankel, Ltd., pursuant to Sections 1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) of the Bankruptcy Code, 11 U.S.C. §§1325(a)(5)(B), 1325 (a)(9), and 1326(a)(1) (West 2018), and such other Sections and Rules as may apply, for its Objection to Confirmation of Debtor's proposed Chapter 13 Plan, respectfully states as follows:

1. On December 6, 2017, Levon Powell ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code and proposed Chapter 13 Plan (the "Plan"), which is scheduled for a confirmation hearing on February 5, 2017.

2. Santander is a creditor of the Debtor and another individual, Sharon Thornton ("Co-Debtor"), with respect to a certain indebtedness secured by a lien upon a 2012 Ford Explorer motor vehicle bearing a Vehicle Identification Number of 1FMHK7F98CGA54648 (the "Vehicle"). (See Ex. "A"). Debtor and Co-Debtor purchased the Vehicle on July 15, 2015, *i.e.* less than 910 days prior to the commencement of these proceedings.

3. This is Debtor's *third* Chapter 13 since purchasing the Vehicle.

4. As set forth in the Retail Installment Contract attached as Exhibit "A", Debtor and Co-Debtor were required to render equal monthly payments to Santander, each in the sum of $699.22 with an interest rate of 17.00%. (See Ex. "A").

5. As of the date of the commencement of these proceedings, Debtor and Co-Debtor's account with Santander was in default in the amount of $13,566.59.

6. Debtor has not provided Santander or its counsel with proof of a valid full coverage insurance policy for the Vehicle identifying Santander as the lienholder/loss payee to protect Santander's interest in the Vehicle from loss or destruction.

7. There remains a total outstanding balance due to Santander from Debtor and Co-Debtor in the sum of $30,122.15.

8. Debtor's Plan identifies Santander as a secured creditor in Section 3.2. Santander objects to the treatment proposed in the Plan as follows:

    A.    Santander's claim is a secured claim excluded from 11 U.S.C. §506 as an "under 910" vehicle and therefore must be provided for in Section 3.3 of the Plan.

    B.    Debtor identifies the total amount of Santander's claim as $30,609.00, but provides for payment of only a value of $11,875.00. As set forth in the Santander's timely-filed Proof of Claim, the total balance due from Debtor and Co-Debtor to Santander as of the Petition Date is $30,122.15 and must be paid as such;

    C.    Debtor proposes to pay the foregoing at an interest rate of 6.00%. Debtor's Plan fails to provide payments to AmeriCredit for the present value of its claim because the Plan does not provide for adequate interest payments. As mandated by the United States Supreme Court in Till v. SCS Credit Corp., 541 U.S. 465 (2004), this Court must determine the appropriate rate of interest to be paid to Santander in the Plan by providing Santander with a "risk adjustment" sufficient to compensate it for the added risk of the debtor having commenced bankruptcy proceedings. The circumstances of Debtor's bankruptcy estate, wherein Debtor's financial condition

has presumptively deteriorated since the purchase of the Vehicle and resulting in the commencement of these proceedings, clearly show that Debtor could not obtain financing at a rate lower than the interest rate provided in the Contract. As such, Santander asserts that it is entitled to be paid on its claim at the Contract rate of interest, *i.e.*, 17.00%;

    D.    Debtor provides for pre-confirmation adequate protection payments of only $50.00 and for set monthly payments of only $100.00 until March 2020. However, in order to comply with 11 U.S.C. § 1325(a)(5)(B)(iii), Debtor is required to propose a Plan that provides equal, fixed monthly payments to Santander in a manner sufficient to satisfy its secured claim, *i.e.* $748.61 per month, as calculated by a secured claim of $30,122.15 with an interest rate of 17.00% amortized over 60 months. (See Ex. "B").

9. In addition to the foregoing, Santander objects to the treatment proposed in the Plan as follows:

    A.    Based on the inaccurate information provided by Debtor therein, the Plan, as proposed, is not feasible;

    B.    The Plan provides that Santander shall "retain [its] lien [on its collateral] … until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. §1328, at which time the lien will terminate and be released by [Santander]." Santander is not required to release its lien until payment of the underlying debt as determined under non-bankruptcy law (*i.e.* pursuant to the terms of the Contract) because the Vehicle is co-owned by a non-filing party and secures a co-signed debt. Santander requests that language be added

to Section 8 providing that Santander shall retain its lien until payment of the underlying debt in full as determined under nonbankruptcy law.

      C.      Santander requests that language be added to Section 8 of the Plan stating that Santander shall retain its secured claim until liquidation of its collateral after obtainment of relief from the automatic stay and that the deadline for Santander to file any amended, unsecured deficiency claim shall be sixty (60) days from the date of such liquidation and with said claim to be deemed timely filed.

10. Additionally, Debtor's Plan does not provide any language indicating when property of the estate will vest in the debtor. (See Plan at Section 7). Santander asserts that property of the estate must vest in the debtor upon entry of a discharge under 11 U.S.C. §1328 in order to protect Santander's security interest in the Vehicle.

11. For the reasons stated above, Debtor's Plan fails to comply with the applicable provisions of the Bankruptcy Code and must provide for and satisfy the objections specified herein to be feasible and provide Santander adequate protection.

**WHEREFORE**, Santander Consumer USA Inc. respectfully requests that this Court enter an Order, as denying Debtor's request for confirmation of the Plan; and, for such other, further, and different relief as this Court deems just and proper.

                                              Respectfully submitted,
                                              SANTANDER CONSUMER USA INC.,
                                              Creditor,
                                              By:  ___/s/ Cari A. Kauffman___

David J. Frankel (Ill. #6237097)
Cari A. Kauffman (Ill. #6301778)
Sorman & Frankel, Ltd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312) 332-3535
(312) 332-3545 (facsimile)